**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Ramirez, et al., | No. CV-25-01660-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Robert D Bohm, et al., | |
| Defendants. | |

The parties request that the court issue an order regarding the location of depositions for defendants Robert Bohm and Jeffrey Mitchell. (Doc. 3.) Mitchell is a citizen of California, as is Mitchell Leeds LLP. (Doc. 1-1 at 19-20.) Mitchell Leeds LLP's principal place of business is presumably also California. Bohm is a citizen of Washington, as is Robert D. Bohm PLLC. (Doc. 1-1 at 19.) Though Robert D. Bohm PLLC maintains a mailing address in Arizona, its principal place of business appears to be Washington based on its website and related addresses. Bohm and Mitchell practice law in Arizona and Bohm is barred in Arizona. (Doc. 29 at 3.) All events took place in Arizona and it appears other witnesses and counsel for both parties are also in Arizona. (Doc. 3 at 3.) Bohm and Mitchell request their depositions take place in the location of their residences or via video conferencing, and plaintiffs request the depositions take place in Arizona or that *all* depositions take place via video conferencing. (Doc. 29 at 1-3.)

There is a presumption that representatives of business entities are deposed in the location of the business's principal place of business and that defendants are deposed in

the district of their residence. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). These presumptions can be, and often are, rebutted in cases with unusual circumstances or in the interest of fairness. *See Tag-It Pac., Inc. v. Pro-Fit Holdings Ltd.*, No. CV 04-2694-AHM(RCX), 2005 WL 8260276, at *2 (C.D. Cal. June 15, 2005); *Sugarhill Recs. Ltd. v. Motown Rec. Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy.").

Courts consider various factors when deciding whether to deviate from the presumption. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005); *see also Marana Aerospace Sols. Inc. v. W. Glob. Airlines LLC*, No. CV-16-00142-TUC-RM, 2016 WL 9343166, at *2 (D. Ariz. June 24, 2016) (using *Cadent* factors to determine location for individual and corporate witness depositions). Those factors include the location of counsel, whether the persons sought to be deposed often travel for business, and the likelihood of significant discovery disputes which would require resolution by the forum court. *Cadent Ltd.*, 232 F.R.D. 625 at 629. Here, the factors do not definitively support either side. Defendants must each travel to Arizona versus plaintiffs' counsel and defendants' counsel all flying to Washington and to California. Although this presents a significant disparity in cost and convenience, especially considering Bohm and Mitchell themselves chose to represent plaintiffs in Arizona, these flights are not international or even cross-country. The burden on plaintiffs is not comparable to cases where defendants, for instance, lived abroad. *Compare, e.g., Fausto*, 251 F.R.D. at 430-31 (ordering defendants' depositions to take place in Atlanta rather than Brazil), *with Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) (ordering defendant's deposition to take place in the Netherlands despite Michigan forum). The factors do not so clearly support plaintiffs that the court will order a deviation from the presumption here.

If defendants are not ordered to travel to Arizona, plaintiffs alternatively request the

court require all depositions take place via video conferencing. (Doc. 3 at 5.) *Est. of Botvin v. Heideman, Nudelman & Kalik, P.C.*, No. 1:21-CV-3186-RCL, 2025 WL 1905738, at *5 (D.D.C. July 10, 2025) (citing Fed. R. Civ. P. 26(c)(1)(C)). Both parties previously agreed to conduct the depositions of Bohm and Mitchell via video conferencing. (Doc. 29 at 5.) But there is no reason this agreement must extend to every other deposition in the case as plaintiffs demand, considering essentially all other witnesses and parties are located in Arizona. (Doc. 29 at 3.) The parties can separately decide whether subsequent depositions should take place via video conferencing.

**IT IS ORDERED** the depositions of Robert Bohm and Jeffrey Mitchell shall take place via video conferencing or in the locations of their residence.

Dated this 30th day of September, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge