**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Ramirez, et al., | No. CV-25-01660-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Robert D Bohm, et al., | |
| Defendants. | |

After this case was removed from Maricopa County Superior Court in May 2025, defendants filed an answer. (Doc. 18.) The court issued a case management order in July 2025, and the parties are conducting discovery. (Doc. 20.) On October 30, 2025, plaintiffs filed a "Motion to Qualify Dr. Arellano as Obstetrician-Gynecologist For the Purpose of Expert Testimony." (Doc. 32.) Plaintiffs explain they "seek to establish the necessary qualifications of their expert witness(es) in advance as to prevent Defendants from seeking to strike Plaintiffs' expert(s) after the close of discovery." (Doc. 32 at 4.)

Assuming the relevant provisions of Arizona law apply in this case, plaintiffs were required to provide a "preliminary expert opinion affidavit" with their initial disclosures. A.R.S. § 12-2603. Plaintiffs purportedly provided such an affidavit on August 11, 2025. On October 10, 2025, defendants sent a letter to plaintiffs' counsel claiming the preliminary expert affidavit was "deficient" pursuant to A.R.S. § 12-2603 and A.R.S. § 12-2604, the latter being the statute that provides the standard for expert testimony at trial. (Doc. 32-1 at 17.) Defendants demanded plaintiffs "serve a proper affidavit . . . by October 24, 2025"

or defendants would be "filing an appropriate Motion to Dismiss." (Doc. 32-1 at 19.) The parties exchanged additional correspondence, but defendants did not file a motion. Instead, on October 30, 2025, plaintiffs filed their motion that requests the court accept their proposed expert as qualified under Arizona law.

Plaintiffs' motion does not cite the procedural basis for the relief they seek. The statute regarding preliminary expert opinion affidavits provides "[t]he court, on its own motion or the motion of the health care professional . . . shall dismiss the claim against the health care professional" if a plaintiff "fails to file and serve a preliminary expert opinion affidavit." A.R.S. § 12-2603(F). That statute makes no mention of a plaintiff seeking a preliminary ruling regarding the adequacy of a preliminary expert affidavit. Similarly, A.R.S. § 12-2604(A) identifies when "a person shall not give expert testimony on the appropriate standard of practice or care," but it does not mention a procedure for a plaintiff to obtain an early indication that the chosen expert is sufficient. Disputes involving A.R.S. § 12-2604(A) typically arise at summary judgment or trial. *See, e.g.*, *Rasor v. Nw. Hosp., LLC*, 403 P.3d 572, 577 (Ariz. 2017). Plaintiffs have not explained why it is necessary for the court to resolve the qualifications of their expert now.

Trial courts are not required to issue early evidentiary rulings of the sort plaintiffs seek. *Cf. United States v. Browne*, 829 F.2d 760, 762 (9th Cir. 1987) (trial courts have discretion to issue advance evidentiary rulings but they are not required to do so). Many courts have refused to opine on the admissibility of expert testimony at early stages of a case. *See Pipkin v. Burlington N. & Santa Fe R. Co.*, No. C04-5591RJB, 2005 WL 5977657, at *1 (W.D. Wash. Oct. 26, 2005) (declining to exclude defense expert at an "early juncture" because "[t]he issue raised in the plaintiffs' motion is an evidentiary one that should be resolved on a date closer to trial"); *In re Flint Water Cases*, No. 516CV10444JELEAS, 2024 WL 890546, at *2 (E.D. Mich. Mar. 1, 2024) (collecting cases denying as premature motions to disqualify experts filed before or even shortly after dispositive motions are filed). In this case, disputes regarding expert qualifications must be presented through the usual method of a party filing a motion seeking to exclude the

opposing side's expert. Such motions are only permitted at an appropriate time, *i.e.*, at summary judgment (and only then where granting or denying such a motion is critical to resolution of the summary judgment motion), or shortly before trial. The court need not, and will not, wade into the admissibility of expert testimony when there is no present need to do so.

**IT IS ORDERED** the Motion to Qualify (Doc. 32) is **DENIED**.

Dated this 5th day of November, 2025.

*/s/ Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge