**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Ramirez, et al., | No. CV-25-01660-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Robert D Bohm, et al., | |
| Defendants. | |

In a previous order, the court denied as premature a motion from plaintiffs to "qualify" an individual as an expert witness. (Doc. 35.) Undeterred by that ruling, plaintiffs filed another motion seeking an early ruling regarding a different issue involving expert witnesses. The motion, as well as the response and reply, assume Arizona's requirements for early disclosures of expert witnesses apply in federal court. The parties are probably wrong on that point but the court will not resolve that issue without relevant briefing. Instead, plaintiffs' motion is denied as premature. The parties' joint motion to extend the case management deadlines is granted.

**BACKGROUND**

In 2019, plaintiffs retained nonparty Richard Lyons to pursue a medical malpractice lawsuit in state court. Plaintiffs later retained attorneys Robert D. Bohm and Jeffrey S. Mitchell to substitute as counsel in that lawsuit. The lawsuit was dismissed after, according to plaintiffs, Bohm and Mitchell committed legal malpractice. In 2025, plaintiffs filed this legal malpractice suit in state court, naming as defendants Bohm, Mitchell, their spouses,

and their law firms. The case was removed to federal court based on diversity jurisdiction.

On November 4, 2025, Mitchell filed a notice of nonparty at fault. (Doc. 34.) That notice identified Lyons as "potentially liable for all or a portion of Plaintiff's damages." (Doc. 34 at 2.) On November 19, 2025, Bohm filed his own notice of nonparty at fault, also identifying Lyons. (Doc. 37.) Plaintiffs filed a motion to strike the notice filed by Mitchell but for unknown reasons did not make a similar motion regarding Bohm's notice.

The motion to strike is premised on plaintiffs' belief that Arizona's requirements and procedures regarding early disclosure of expert testimony apply in this case. According to plaintiffs, Mitchell's notice of nonparty at fault is defective because Mitchell did not provide the "preliminary expert opinion affidavit" required by A.R.S. § 12-2602(b). (Doc. 38 at 2.) Mitchell's opposition appears to concede Arizona's requirements regarding early expert opinion affidavits apply in federal court, but argues those requirements do not apply to a notice of nonparty at fault outside the healthcare context. (Doc. 39 at 2.)

## ANALYSIS

When a case is proceeding in state court, Arizona law identifies "claims" that require a party provide a preliminary expert opinion affidavit and when the party must do so. The statutes relevant to the present case contain a special definition of "claim":

> "Claim" means a legal cause of action . . . or an affirmative defense to which all of the following apply:
>
> (a) The claim is asserted against a licensed professional in a complaint, answer, cross-claim, counterclaim or third party complaint.
>
> (b) The claim is based on the licensed professional's alleged breach of contract, negligence, misconduct, errors or omissions in rendering professional services.
>
> (c) Expert testimony is necessary to prove the licensed professional's standard of care or liability for the claim.

A.R.S. § 12-2601(1). The subsequent statutory section provides that when there is a "claim" in one of the identified pleadings and expert testimony "is necessary to prove the licensed professional's . . . liability for the claim," "the claimant shall serve a preliminary expert opinion affidavit with the initial disclosures that are required by rule 26.1, Arizona

rules of civil procedure." A.R.S. § 12-2602(A), (B). That rule of civil procedure requires initial disclosures "no later than 30 days after the filing of the first responsive pleading to the complaint." Ariz. R. Civ. P. 26.1(f)(1).

In summary, if this case were proceeding in Arizona state court and Mitchell asserted an affirmative defense that a nonparty licensed professional (such as Lyons) was at fault, he would have to serve a preliminary expert opinion affidavit within 30 days of filing his answer.[1] The parties do not explain why they believe these same requirements apply in federal court and there is significant doubt they do.

The Supreme Court recently addressed an analogous issue involving a state law that required "an affidavit of merit" accompany any complaint alleging medical malpractice. *Berk v. Choy*, No. 24-440, 2026 WL 135974, at *2 (U.S. Jan. 20, 2026). The Court concluded this affidavit requirement did not apply to complaints in federal court because it conflicted with Federal Rule of Civil Procedure 8. The Court explained "by specifying what information about the merits is required in the 'pleading,' Rule 8 excludes the possibility of requiring even more information on the same topic—whether in the 'pleading' itself or on a separate sheet of paper attached to it." *Id.* at *4. The requirement that an affidavit of merit accompany a complaint could not be viewed as a permissible "free-floating evidentiary requirement that can serve as the basis for an early dismissal," because "the Federal Rules already prescribe a mechanism for putting a plaintiff to his proof: a motion for summary judgment." *Id.* at *5.

Although *Berk* was discussing an affidavit of merit required of plaintiffs at the pleading stage, there is no obvious reason the same reasoning should not apply to affirmative defenses asserted in an answer. Rule 8 also controls what information must be included in an answer and it does not require the answering party include a supporting

---

[1] Mitchell's opposition to the motion to strike argues "[a] nonparty designation is not a 'claim' within the meaning of A.R.S. § 12-2601." (Doc. 39 at 2.) This argument is hard to follow because § 12-2601 explicitly defines "claim" as encompassing an "affirmative defense," and under Arizona law "an allegation of comparative fault relating to nonparties is an affirmative defense." *Ryan v. San Francisco Peaks Trucking Co.*, 262 P.3d 863, 869 (Ariz. Ct. App. 2011). Thus, identifying a licensed professional as a nonparty at fault seems to obviously fall under A.R.S. § 12-2601's definition of "claim."

- 3 -

affidavit.[2] Just like with the claims in a complaint, the federal rules contemplate evidence supporting an affirmative defense will be submitted at summary judgment. Based on this reasoning, it appears unlikely the court should enforce Arizona's "preliminary expert opinion affidavit" requirement now. But the court need not definitively resolve this issue because the parties' briefing is entirely unaware Arizona's procedures might not apply.

In briefing plaintiffs' motion to strike, both parties assumed Arizona's procedures apply in federal court even though a previous order hinted the issue was far more complicated than the parties believed. (Doc. 35.) That order explained federal courts are not required to offer preliminary evidentiary rulings, but plaintiffs ignored that guidance and filed their motion to strike. As explained in the earlier order, and based on the discussion in this order, the parties must present evidentiary disputes at the proper time for cases proceeding in federal, not state, court.

**IT IS ORDERED** the Motion to Strike (Doc. 38) is **DENIED**.

/
/
/
/
/
/
/
/
/
/
/
/

---

[2] Previous cases concluded Arizona's preliminary expert opinion affidavit scheme qualifies as "substantive State law" that should apply in diversity cases. *Kaufman v. Jesser*, 884 F. Supp. 2d 943, 953 (D. Ariz. 2012); *see also Amor v. Arizona*, No. CV-06-499-TUC-CKJ, 2010 WL 960379, at *9 (D. Ariz. Mar. 15, 2010) (applying "preliminary expert affidavit" requirement in medical malpractice action). *Berk* likely overruled those decisions.

**IT IS FURTHER ORDERED** the Motion to Extend Deadlines (Doc. 44) is **GRANTED**. The following deadlines apply:

- Written discovery served: **July 27, 2026**;
- Completion of discovery: **September 8, 2026**;
- Expert disclosures: **March 30, 2026**;
- Responding party to expert disclosures: **April 28, 2026**;
- Rebuttal expert disclosures: **May 26, 2026**;
- Expert depositions completed: **July 28, 2026**;
- Rule 35 examinations: **July 28, 2026**;
- Dispositive motions: **October 6, 2026**;
- Settlement discussions: **May 26, 2026**.

Dated this 22nd day of January, 2026.

*Krissa M. Lanham* (signature)

Honorable Krissa M. Lanham
United States District Judge